**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RANJODH SIDHU, <br><br> Petitioner, <br><br> v. <br><br> ADMINISTRATOR, HUDSON COUNTY JAIL, <br><br> Respondent. | Civil Action <br> No. 26-8421 (CPO) <br><br><br> **OPINION & ORDER** |

**O'HEARN, District Judge.**

Before the Court is Petitioner's counseled Amended Petition for Writ of Habeas Corpus (hereinafter "Petition) pursuant to 28 U.S.C. § 2254. (ECF No. 3, at 4–43). Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, to screen and summarily dismiss a petition when it "appears legally insufficient on its face." *E.g.*, *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the following reasons, the Petition is dismissed without prejudice for failure to exhaust.

Petitioner is a state inmate. He is serving a 45-day sentence for his convictions for contempt of a domestic violence final restraining order. (ECF No. 3, at 28–29). He began serving his sentence on July 8, 2026. (*Id*. at 19). Among other things, he asks the Court to stay the execution of his sentence and order his release, until the conclusion of his state court appeals. (*See id*. at 28–29, 43).

Generally, however, the Antiterrorism and Effective Death Penalty Act prohibits district courts from granting relief under § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to exhaust state remedies, a petitioner must "fairly present" all federal claims to "each level of the state courts." *E.g.*, *Ross v.*

*Adm'r E. Jersey State Prison*, 118 F.4th 553, 564 (3d Cir. 2024) (quoting *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000). "To fairly present a claim, the petitioner . . . must present the federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *E.g.*, *Harmon v. Lamar*, 640 F. App'x 175, 179 (3d Cir. 2016) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)) (cleaned up). A petitioner can fairly present a claim in a variety of ways, such as: "(1) reliance on state cases employing constitutional analysis in [similar] situations, (2) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (3) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* (cleaned up).

A petitioner fails to exhaust if he "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requirement ensures that state courts have "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Moreover, the exhaustion doctrine is a "total" exhaustion rule. As explained in *Rhines v. Weber*, 544 U.S. 269, 273 (2005), district courts may not adjudicate mixed petitions. Stated differently, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982). "The burden is on the . . . petitioner to prove exhaustion" or justify excusing exhaustion. *See, e.g.*, *DeFoy v. McCullough*, 393 F.3d 439, 442–43 (3d Cir. 2005); *Ellerman v. New Jersey State Parole Bd.*, No. 14-5614, 2014 WL 4854300, at *2 (D.N.J. Sept. 30, 2014).

In certain circumstances, as alleged here, a court may excuse exhaustion if the petitioner can "show that 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *E.g.*, *Kern v. Adm'r S. State Corr. Facility*, No. 18-3161, 2019 WL 10745197, at *1 (3d Cir. May 2, 2019) (quoting 28

2

U.S.C. § 2254(b)(1)(B)(i)–(ii); *Lines*, 208 F.3d at 162–63.  Among other scenarios, a petitioner can meet that requirement by demonstrating that "an appropriate [state] remedy does not exist or its utilization is frustrated by the state system." *See, e.g.*, *Lines*, 208 F.3d at 163 (quoting *Hankins v. Fulcomer*, 941 F.2d 246, 249–50 (3d Cir. 1991)) (cleaned up); *Myrtle v. New Jersey*, No. 14-7218, 2019 WL 3822167, at *3 (D.N.J. Aug. 14, 2019).  "If it appears that the prisoner's rights have become an empty shell or that the state process is a procedural morass offering no hope of relief, then the federal courts may excuse . . . [exhaustion and] directly consider the prisoner's constitutional claims." *Hankins*, 941 F.2d at 249–50 (cleaned up).

Here, Petitioner first argues that he "presented the substance" of his six federal constitutional claims to each level of the state courts.  (ECF No. 3, at 19).  He alleges that he did so through a counseled motion to stay filed with the New Jersey Superior Court, Appellate Division, (ECF No. 3, at 155–180), and through an application for permission to file an emergent motion to stay[1] with the Supreme Court of New Jersey, (*see id*. at 78 (denying application)).  However, it is not apparent to the Court how his submissions presented the "factual and legal substance" of his claims in a manner that would actually provide the state courts notice of his federal claims. *See McCandless*, 172 F.3d at 261.  Indeed, the six federal claims in the instant Petition appear largely, if not entirely, absent from the state court brief. (*Compare* ECF No. 3, at 19–42, *with* ECF No. 3 at 155–76).  Consequently, the Petitioner's claims are unexhausted.  If Petitioner believes otherwise, any amended petition shall specifically identify, where in those submissions **all six** federal claims were fairly presented to the state courts.  The Court reminds

---

[1] As the Petitioner did not attach a separate document in support of this application, the Court assumes that he relied on his Appellate Division brief.

counsel that a district court cannot adjudicate mixed petitions. *See Rhines*, 544 U.S. at 273; *Rose*, 455 U.S. at 522.

Next, Petitioner vaguely contends that the Court should excuse exhaustion under § 2254(b)(1)(B), because circumstances render his state court remedies ineffective to protect his rights. (ECF No. 3, at 42–43). He appears to summarily conclude that because he has already begun serving his 45-day sentence, there are absolutely no state court remedies available for him to raise his federal claims.

First, as discussed above, Petitioner's state court requests for emergent relief do not appear to have presented his federal claims. Nor does Petitioner identify the state corrective processes that remain available to him, much less explain why they were ineffective to protect his federal rights. (*See id.*). For example, Petitioner does not explain why he cannot present these claims through additional requests for emergent relief in the state courts. (*See id.*). Petitioner merely concludes that no effective state court remedy remained available once he began serving his sentence. (*See id.*). Without more, Petitioner has not met his burden to show that his state court remedies were "ineffective" to protect his rights under § 2254(b)(1)(B). For all those reasons, the Court will not excuse exhaustion and dismiss the Petition without prejudice for failure to exhaust. Accordingly,

IT IS, on this 22nd day of July 2026,

**ORDERED** that the Clerk of the Court shall REOPEN this matter for consideration of Petitioner's latest submissions; and it is further

**ORDERED** that the Amended Petition, (ECF No. 3), is DISMISSED WITHOUT PREJUDICE for failure to exhaust; and it is further

4

**ORDERED** that Petitioner's amended motion for emergency relief, (ECF No. 3, at 44–46), is DISMISSED AS MOOT; and it is further

**ORDERED** that the Clerk of the Court shall CLOSE this case.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**